IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Babco Foods International, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Rahein Incorporation and Gopaljee Dairy Foods Private Limited,<br><br>        Defendants. | Civil Action No. 21-cv-10030<br><br><br>FIRST AMENDED COMPLAINT |
| | |

---

**FIRST AMENDED COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT IN VIOLATION OF THE LANHAM ACT**

---

Plaintiff Babco Foods International, LLC (hereinafter as "Plaintiff") herein brings its Complaint against Defendant Rahein Incorporation and Gopaljee Dairy Foods Private Limited (hereinafter as "Defendants").

## NATURE OF THE CASE

1.      This is an action for trademark counterfeiting, trademark infringement, trade dress infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125, 1125(a), 1125(d).

## **THE PARTIES**

2.      Plaintiff is a distributor of international food and beverage products to supermarkets and grocery stores in forty-five states across the United States.

3.      Plaintiff is a limited liability company organized under the laws of the State of New Jersey and has a principal place of business at 201 Circle Drive North, Ste. 115, Piscataway, NJ, 08854.

4.      Plaintiff has an east coast distribution center located at 201 Circle Drive North, Suite #115, Piscataway, NJ 08854.

5.      Plaintiff has a southern distribution center located at 151 Regal Row, Suite #215, Dallas, Texas 75247.

6.      Plaintiff has a west coast distribution center located at 2155 Commerce Place, Hayward, CA 94545.

7.      Plaintiff's distribution centers of Paragraph 4, Paragraph 5, and Paragraph 6 provide national sales coverage throughout the United States.



8.      Plaintiff's sales generated by the distribution centers of Paragraph 4, Paragraph 5, and Paragraph 6 are divided as follows: approximately 45% in the Northeast United States, approximately 15% in Texas, approximately 20% in California, and approximately 20% in other states in the United States.

9.      Plaintiff distributes the following brands, among others: Adarsh Snacks, Anad USA, Anil Foods, Brahmins, Double Horse, Gullon, McVitie's, Maggi, Nirapara, Ustad Banne Nawab's, Priyagold Cookies, RKG Chee, Sakthi Masalas, and Tea India.

10.     Plaintiff distributes the following ANAND products: ANAND kerala mixture, ANAND chanachur mixture xtra hot, ANAND spicy mixture hot, ANAND Trissur spicy mixture, ANAND rice murukku, ANAND banana chips, ANAND potato chips, ANAND

baby muruku, ANAND murukku, ANAND sev thin, ANAND spicy muruku, and ANAND boondi.

11.    Plaintiff's ANAND branded products are sold in forty-six states in the United States.

12.    Plaintiff's ANAND products are all natural and free from artificial colors and preservatives.

13.    Plaintiff's ANAND products are processed in FDA-audited, hazard analysis and critical control points (HACCP), and ISO certified facilities.

14.    Plaintiff's estimated 2019 sales in California of ANAND products is $4,000,000.

15.    Plaintiff's Indian food products target Indian-Americans and members of the Indian diaspora in the United States.

16.    Defendant Gopaljee Dairy Foods Private Limited (hereinafter as "Gopaljee") manufactures Indian food products under the name Ananda Anand karo! and supplies these products to distributors, such as Defendant.

17.    Defendant Gopaljee is a company organized under the laws of India and has a principal place of business at Ananda House, H-112 Pragati Tower Sector-63, Noida-201307 Uttar Pradesh India.

18.    Defendant Gopaljee has been renamed to Ananda Dairy. Ananda Dairy is a company organized under the laws of India and has a principle place of business at H-112, Sector - 63, Noida-201 301, U.P.

19.    Defendant Rahein is a distributor of Indian food products of several brands, including: Ananda Anand karo!, Bikanervala, Bikano, and Rajdhani.

20.     Defendant Rahein promotes distribution of such Indian food products of Paragraph 19 via their website: https://www.rahein.com/.

21.     Defendant Rahein is a corporation organized under the laws of the State of California and has a principal place of business at 38503 Cherry St Ste R, Newark, CA, 94560-4717.

## JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121.

23.     This Court has personal jurisdiction over Defendants because they regularly transact business within this judicial district, and have committed violations of the Lanham Act and Copyright Act here.

24.     Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## GENERAL ALLEGATIONS

### Plaintiff's Federally Registered Trademarks

25.     Plaintiff is the owner of U.S. Federal Trademark Registration No. 2966671 (hereinafter as "Registration No. '671") associated with the following word mark: "ANAND." Registration No. '671 is attached as **Exhibit A**.

26.     Plaintiff filed U.S. Federal Trademark Application S/N 78346915 (now Registration No. '671) on December 31, 2003, which became Registration No. '671 on July 12, 2005.

27.     Plaintiff has used the trademark associated with Registration No. '671 in commerce as early as September of 2003 in connection with the following goods in International Trademark Class 030: "dried fruit, rice based snacks, wheat based snacks, fruit based snacks, fried snacks and snacks generally, and edible nuts."

28.     Plaintiff filed a combined declaration of use and incontestability under 15 U.S.C. § 1058 and 15 U.S.C. § 1065 for Registration No. '671 on March 1, 2011 to affirm that Registration No. '671 has been in use continuously for a period five years and that Plaintiff claims incontestable rights in the and continuous use of the trademark associated with Registration No. '671 for five years. Such declaration is attached as **Exhibit B**.

29.     Once a trademark becomes incontestable, as for Registration No. '671, various aspects of the registration cannot be challenged by third parties (such as the trademark's validity).

30.     Plaintiff filed a combined declaration of use and/or excusable nonuse/application for renewal of registration of a mark under 15 U.S.C. § 1058 and 15 U.S.C. § 1059 for Registration No. '671 on October 6, 2015 to assert that the trademark associated with Registration No. '671 is still being used by Plaintiff. Such is attached as **Exhibit C**.

31.     Plaintiff is the owner of U.S. Federal Trademark Registration No. 5784850 (hereinafter as "Registration No. '850") associated with the following word mark: "ANAND." Registration No. '850 is attached as **Exhibit D**.

32.     Plaintiff filed U.S. Federal Trademark Application S/N 87864052 (now Registration No. '850) on April 5, 2018, which became Registration No. '850 on June 25, 2019.

33.     Plaintiff has used the trademark associated with Registration No. '850 in commerce as early as March 1, 2003 in connection with the following goods in International Trademark Class 029: "sun-dried vegetables and chilies, and dried chilies."

34.     Plaintiff has used the trademark associated with Registration No. '850 in commerce as early as March 1, 2003 in connection with the following goods in International Trademark Class 030: "brittle of peanut, sesame, puffed rice, jaggery; millets, whole-grain cereals, rice flour sheets, halwa made of banana and wheat; and fryums."

35.     Plaintiff is the owner of U.S. Federal Trademark Registration No. 4992483 (hereinafter as "Registration No. '483") associated with the following word mark: "ANAND." Registration No. '483 is attached as **Exhibit E**.

36.     Plaintiff filed U.S. Federal Trademark Application S/N 86801225 (now Registration No. '483) on October 27, 2015, which became Registration No. '483 on July 5, 2016.

37.     Plaintiff has used the trademark associated with Registration No. '483 in commerce as early as March of 2013 in connection with the following goods in International Trademark Class 029: "vegetables, instant frozen; frozen vegetable based-entrees; processed fruits, namely, frozen banana, coconut and jackfruit; and frozen snacks, prepared meals and entrees consisting of vegetables, lentils or rice."

38.     Plaintiff has used the trademark associated with Registration No. '483 in commerce as early as March of 2013 in connection with the following goods in International Trademark Class 030: "frozen breads, pancakes; frozen confectionary; frozen savories and confections; frozen ready to eat fruit based desserts; and frozen desserts consisting of lentils, chickpeas or rice."

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE LANHAM ACT          7

39.     Plaintiff's English language translation of "ANAND," as listed in the U.S.

Federal Trademark Application S/N 86801225 is "happiness," "satisfaction," or "delight."

40.     Plaintiff is the owner of U.S. Federal Trademark Registration No. 5785077

(hereinafter as "Registration No. '077") associated with the following design:

. Registration No. '077 is attached as **Exhibit F**.

41.     Plaintiff filed U.S. Federal Trademark Application S/N 87913049 (now

Registration No. '077) on May 9, 2018, which became Registration No. '077 on June 25, 2019.

42.     Plaintiff has used the trademark associated with Registration No. '077 in

commerce as early as September 1, 2003 in connection with the following goods in

International Trademark Class 029: "vegetables, instant frozen; frozen vegetable based-

entrees; processed fruits, namely, frozen banana, coconut and jackfruit; dried fruit, fruit based

snacks, potato snacks, and processed nuts; frozen snacks, prepared meals and entrees

consisting of vegetables, lentils or rice; and sun-dried vegetables and chilies, dried chilies."

43.     Plaintiff has used the trademark associated with Registration No. '077 in

commerce as early as September 1, 2003 in connection with the following goods in

International Trademark Class 030: "frozen breads, pancakes; frozen confectionery; frozen

ready to eat fruit based desserts; frozen confectionery containing lentils, chickpeas or rice; rice

based snacks and wheat based snacks; brittle of peanut, sesame, puffed rice, jaggery; millets,

wholegrain cereals, rice flour sheets, halwa made of banana and wheat; and fryums."

44.     Plaintiff's marks have been used in commerce by being prominently displayed

on its packaging, as illustrated below, since at least September of 2003.

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE LANHAM ACT                    8






















45.     Plaintiff's wording (associated with Registration No. '671, Registration No. '850, and Registration No. '483), design (associated with Registration No. '077), and packaging are distinctive, either inherently or through establishment of acquired distinctiveness in commerce, through its association with Plaintiff's goods for its colorful design. Further, on information and belief, they have acquired substantial secondary meaning.

46.     Plaintiff's wording (associated with Registration No. '671, Registration No. '850, and Registration No. '483) and design (associated with Registration No. '077) symbolize the business goodwill of Plaintiff and are intangible assets to Plaintiff of substantial commercial value.

47.     For several years and prior to the acts of Defendant, Plaintiff has used the wording "ANAND" and the design  alone and in combination or in connection with advertising, marketing, and sales of its goods and services.

48.     The purchasing public has come to associate Plaintiff's distinctive word and design with Plaintiff's products.

**<u>Ananda Ananda karo! Federal Trademark Application</u>**

49.     Defendant Gopaljee filed U.S. Federal Trademark Application S/N 87270338 (hereinafter as "Application No. '338") on December 15, 2016 for the proposed mark of:

. Application No. '338 is attached as Exhibit G.

50.     Application No. '338 was filed under Section 1(b) for "milk and milk products" under International Trademark Classification 029.

51.     Application No. '338 received a Notice of Allowance on March 27, 2018, which is attached as Exhibit H.

52.     Application No. '338 received a Notice of Abandonment on October 28, 2019 for failure to timely file a statement of use that the Applicant is using the mark in commerce or

for failing to timely file a request for an extension of time to file the statement of use. This is attached as Exhibit I.

53.     In view of the Notice of Abandonment of Paragraph 52, Application No. '338 is abandoned, meaning that Application No. '338 is no longer pending and cannot mature into a registration.

54.     A petition to revive has not been filed for abandoned Application No. '338 within the required two month time frame from the issue date on the Notice of Abandonment. As such, Application No. '338 remains abandoned.

**Trademark Opposition for U.S. Federal Trademark Application No. 87802971 (hereinafter as "Application '971)**

55.     Plaintiff filed a Notice of Opposition (Opposition No. 91243498) against owner of Application '971 associated with the work mark "ANANDA", Cannar, Inc. of 3408 52nd Ave NE, Tacoma, Washington 98422, on September 9, 2018 on the ground that Plaintiffs' federally-registered trademarks are senior marks having a priority date over Application '971 and that the mark associated with Application '971 is likely to cause confusion under Section 2(d) of the Lanham Act with Plaintiffs' federally-registered trademarks. See, **Exhibit K**.

56.     In response to the Notice of Opposition of Paragraph 55, a Notice of Default was issued on October 29, 2018 since an Answer was not filed by Cannar, Inc., as shown in **Exhibit L**.

57.     The Trademark Trial and Appeal Board sustained the Notice of Default of Paragraph 56 on December 17, 2018 because no Answer was filed, as shown in **Exhibit M**.

**Trade Dress**

58.     Plaintiffs' trade dress associated with Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077 is shown below. The respective importer/distributor of such products (Plaintiff) is circled in red.



59.     The trade dress associated with abandoned Application No. '338 is shown below, with the respective importer/distributor of such products (Defendant) being circled in red.



60.     Where the trade dress associated with Plaintiffs' marks includes the word "ANAND," the trade dress associated with abandoned Application No. '338 includes the wording "ANANDA" or "Ananda Ananda karo!"

61.     The word associated with Plaintiffs' marks contains one less letter (e.g., an "A") as compared to abandoned Application No. '338 "ANANDA" mark.

62.     The trade dress associated with Plaintiffs' marks and abandoned Application No. '338 is confusingly similar.

63.     Plaintiffs' wording, design, and trade dress have been copied in an attempt to confuse the purchasing public into believing that the goods imported into the United States and distributed throughout the United States by Defendant come from Plaintiff.

64.     Plaintiff's trademarks and trade dress have been copied and counterfeited without Plaintiff's permission and in violation of Plaintiff's trade dress rights under the Lanham Act.

## **Defendants Actions**

65.     Despite Application No. '338 being abandoned, Defendant promotes their importation and distribution of Indian food products in the United States under the names ANANDA or Ananda Ananda Karo! via their website: https://www.rahein.com/ and https://www.rahein.com/anandausa. Such is attached as **Exhibit J**.

66.     Despite Application No. '338 being abandoned, Defendant has distributed Indian food products under this name Ananda Ananda Karo! in California since at least September 15, 2020.

67.     Defendant received a shipment of Indian food products associated with the Ananda Ananda karo! brand on September 15, 2020 at a port in Oakland, California in the United States. A copy of such shipment is shown below:



**Actual Consumer Confusion**

68.     On information and belief, Defendants actions have caused consumers actual confusion, and many instances of actual consumer confusion have occurred. As a result, consumers have been confused as to the source of the respective goods made by Plaintiff and distributed by Defendant.

## COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

69.     Plaintiff incorporates herein the allegations of Paragraphs 1 through 68 above specifically by reference.

70.     On information and belief, Defendants' acts were committed with knowledge that their imitation was intended to be used to cause confusion, or to cause mistake, or to deceive.

71.     On information and belief, Defendant has — without the consent of Plaintiff — distributed reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077) in commerce. Such acts are likely to cause confusion, or to cause mistake, or to deceive.

72.     Defendants' acts alleged above have caused, and if not enjoined, will continue to cause irreparable and continuing harm to Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077), business, reputation, and goodwill.

73.     Plaintiff has no adequate remedy at law, as monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendant.

74.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages to its trademarks, which is deliberate, willful, fraudulent, and without any extenuating circumstances, and constitutes a knowing use of Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077), and an exceptional case within the meaning of 15 U.S.C. § 1117(b).

75.     Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II – UNFAIR COMPETITION AND OTHER VIOLATIONS UNDER 15 U.S.C. § 1125

76.     Plaintiff incorporates herein the allegations of Paragraphs 1 through 74 above specifically by reference.

77.     On information and belief, Defendant has, on or in connection with its goods or services, imported and distributed goods displaying Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077) and symbols, as well as combinations thereof, and have made false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff.

78.     On information and belief, Defendants have and had bad faith intent to profit from the Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077).

79.     On information and belief, Defendants hve no intellectual property rights in Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077) or trade dress.

80.     On information and belief, Defendants has no *bona fide* noncommercial or fair use of the Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077).

81.     On information and belief, Defendants, by distributing the products displaying marks similar to Plaintiff, intended to divert consumers from Plaintiff's goods and trick them into buying other goods instead, so that it could harm the goodwill represented by the Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077).

82.     Defendants' acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077), business, reputation, and goodwill. Plaintiff has no adequate remedy at law as monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendant.

83.     As a direct and proximate result of Defendants conduct, Plaintiff has suffered damages to its federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077), its business, its goodwill, and other damages in an amount to be proved at trial.

84.     Plaintiff is entitled to injunctive relief and to recover Defendants profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1125(d), 1116, and 1117.

## COUNT III – TRADE DRESS INFRINGEMENT

85.     Plaintiff incorporates herein the allegations of Paragraphs 1 through 84 above specifically by reference.

86.     On information and belief, Defendant has infringed and continue to infringe Plaintiff's trade dress under the Lanham Act, 15 U.S.C. §1125, by importing and/or

distributing infringing goods bearing Plaintiff's distinctive trade dress without authorization from Plaintiff.

87.     Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law, and is also causing damage to Plaintiff in an amount that cannot be accurately computed at this time but will be proven at trial.

88.     Defendants' conduct is blatant, wanton, and willful.

89.     Plaintiff is entitled to injunctive relief, actual damages, and to recover Defendants profits under 15 U.S.C. §1125.

## JURY DEMAND

In accordance with the Seventh Amendment of the United States Constitution, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a) Enter a preliminary and permanent injunction against further infringement, false designation of origin, and unfair competition of Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077) by Defendant, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with any of them;

b) Enter a preliminary and permanent injunction against further infringement of

Plaintiff's federally registered trademarks (Registration No. '671, Registration No. '850, Registration No. '483, and Registration No. '077) and trade dress by Defendant, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with any of them;

      c) Pursuant to 15 U.S.C. §1125, award Plaintiff Defendants' profits, damages sustained by Plaintiff, the costs of the action, enhanced damages, and reasonable attorneys' fees based on Defendants' violations of 15 U.S.C. §§ 1114 and 1125;

      d) Pursuant to 15 U.S.C. § 1125, enter judgment in Plaintiff's favor for three times Defendants' profits or Plaintiff's damages, whichever amount is greater, together with reasonable attorneys' fees based on Defendant intentionally using a mark or designation, knowing such mark or designation is a counterfeit in connection with the sale, offering for sale, or distribution of goods or services, and award prejudgment interest; and

      e) Grant Plaintiff such other further relief as the Court may deem proper and just.


Dated: August 13, 2021                Respectfully submitted,


                        */s/ Howard J. Schwartz, Esq.*
                        Howard J. Schwartz, Esq.
                        Richard Gearhart, Esq.
                        David Postolski, Esq.
                        Ashley Sperbeck, Esq.


                        GEARHART LAW LLC
                        41 River Road
                        Innovation Plaza, Suite 1A
                        Summit, NJ 07901
                        Telephone: 908-273-0700

Facsimile: 908-273-0711


rgearhart@gearhartlaw.com
david@gearhartlaw.com
ashley.sperbeck@gearhartlaw.com


*Attorneys for Plaintiff*

**EXHIBIT LIST**

<u>Exhibit Letter</u>                    <u>Description</u>

A                    Plaintiffs' Registration No. '671

B                    Combined declaration of use and incontestability under Sections 8 and 15

of the Lanham Act for Plaintiffs' Registration No. '671 filed on March 1,

2011

C                    Combined declaration of use and/or excusable nonuse/application for

renewal of registration of a mark under Sections 8 and 9 of the Lanham

Act for Plaintiffs' Registration No. '671 filed on October 6, 2015

D                    Plaintiffs' Registration No. '850

E                    Plaintiffs' Registration No. '483

F                    Plaintiffs' Registration No. '077

G                    Application No. '338 owned by Gopaljee

H                    Notice of Allowance received on March 27, 2018 for Application No.

'338

I                    Notice of Abandonment received on October 28, 2019 for Application No.

'338

J                    Image of website hosted by Defendant

FIRST AMENDED COMPLAINT FOR VIOLATION OF THE LANHAM ACT                    22