

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Matthew D. Stockwell
tel: +1.212.858.1075
matthew.stockwell@pillsburylaw.com

September 10, 2021

VIA ECF

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court
Court Room MLK 2C
50 Walnut Street
Newark, NJ  07101

> Re: Babco Foods Int'l v. Rahein Corp.
> USDC-District of New Jersey, Case No.: 2:21-cv-10030-MCA-MAH

Dear Judge Hammer:

We submit this joint letter from the parties with authorization from Plaintiff's counsel regarding confusion over deadlines relating to the pleadings – specifically, the filing of Plaintiff's First Amended Complaint and the deadline for Defendant's responsive pleading.

To provide the Court with some background, Plaintiff filed its original Complaint on April 22, 2021 (Dkt. No. 1), which was served on May 11, 2021.  Defendant Rahein is not the manufacturer of the accused products in this case but merely a U.S. distributor of those products, which are manufactured by a company located in India, called Gopaljee Dairy Foods Pvt. Ltd. ("Gopaljee").  Gopaljee is the owner of the accused mark, ANANDA, but is not yet a party to this action.

Plaintiff and Defendant have been discussing settlement, and the Court has granted extensions of Defendant's responsive pleading deadline to allow the parties that opportunity pursuant to stipulations submitted by the parties.  (Dkt. Nos. 8 and 9). Subsequently, on July 29, 2021, Plaintiff filed a motion for leave to file an Amended Complaint adding Gopaljee, the owner of the accused mark, as a party to the case. (Dkt. 11).[1]  Defendant indicated it would not oppose Plaintiff's motion, so the parties filed a stipulation that Plaintiff would have 21 days from the date of filing of the

---

[1] On August 3, 2021, the Court required Plaintiff to re-file the motion due to it being filed in the wrong category in the ECF system.  Plaintiff re-filed the motion as required on August 3, 2021, as requested.

The Honorable Michael A. Hammer, U.S.M.J.
September 10, 2021
Page 2

Amended Complaint once (and assuming) the Court granted Plaintiff's motion. (Dkt. 12). On August 6, 2021, the Court set Plaintiff's motion for hearing on September 7, 2021.

However, before the Court ruled on the pending motion, Plaintiff filed a First Amended Complaint ("FAC") on August 13, 2021. (Dkt. No. 14). Plaintiff asserted to Defendant that it had filed the FAC pursuant to Rule 15. Defendant advised Plaintiff by email on August 13, 2021 and on a call on August 19, 2021 that the First Amended Complaint was filed without authorization by the Court, and that Rule 15 did not allow the late-filed pleading decause it was filed more than 21 days after the filing of the initial Complaint, and Defendant had not filed a responsive pleading. Therefore, Defendant's position was that the FAC was not operative since it had been filed prior to the Court's granting leave.

The Court resolved the issue by granting Babco's motion on August 24 and gave Babco until September 1, 2021 to file the Amended Complaint. (Dkt No. 15). The Court also issued an order on August 24 (Dkt. No. 16) that Rahein's responsive pleading, as per the parties' August 2 Stipulation, would be due 21 days after the filing of the First Amended Complaint filed pursuant to the Court's August 24 Order granting leave. Due to some confusion based on whether the FAC filed prior to the Court's granting the motion for leave to amend was operative, however, Plaintiff did not file an Amended Complaint by September 1, 2021.

Having discussed the matter, as well as some deficiencies in Plaintiff's original Complaint, the parties have agreed (subject of course to the Court's approval) to allow Plaintiff until September 10, 2021 to file its FAC, and that Defendant would thereafter have 21 days from that filing to submit its responsive pleading. The parties therefore respectfully request that the Court "so-order" this letter to reflect the above (Plaintiff shall have until September 10, 2021 to file its First Amended Complaint, and Defendant shall have 21 days from that filing to respond to the FAC). If the Court would prefer the parties file a stipulation to that effect, they will do so.

Thank you for your consideration in this matter.

Respectfully Submitted,

Matthew D. Stockwell